UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ISAAC ALMANZAR, *pro se*,          :
                                    :
                Petitioner,         :
                                    :     **SUMMARY ORDER**
         -against-                  :     10-CV-1307 (DLI)
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                Respondent.         :
                                    :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

Isaac Almanzar ("Petitioner") was convicted, upon his plea of guilty, of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base ("crack"). On February 1, 2008, this Court sentenced him to 300 months of incarceration, followed by 5 years of supervised release. (Minute Entry, 05-cr-623, Docket Entry No. 164.) Petitioner timely appealed. On March 25, 2009, the Second Circuit Court of Appeals affirmed the judgment of this Court. *United States v. Soto, et al.*, 2009 WL 765015 (2d Cir. Mar. 25 2009).

On March 18, 2010, petitioner filed a *pro se* motion purporting to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. However, the corresponding substantive motion is styled as "Memorandum of Law in Support of Motion Pursuant to Rule 60(b) Under Actual Innocence, From an Error in the Court Proceeding Applying the Career Offender Guidelines Incorrectly." (Docket Entries Nos. 1, 3.) Petitioner's motion contends that his trial counsel was ineffective and that the Court erroneously applied the career offender enhancement under the United States Sentencing Guidelines. (*See generally* Docket Entry No. 3.) Notwithstanding Petitioner's designation, due to the nature of relief sought, the Court finds that Petitioner's motion is more properly construed as a motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255.[1]  Before the Court can proceed to the merits of the motion, however, it is required to notify Petitioner of the potential adverse consequences of such a characterization.  *Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998).

First, if the Court construes Petitioner's motion as a § 2255 motion and denies relief, Petitioner would be subject to § 2255's stringent limits on a prisoner's ability to bring a second or successive petitions.  Specifically, § 2255(h) provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Second, the Court further draws Petitioner's attention to § 2255's one-year statute of limitations, which provides as follows:

> A 1–year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented

---

[1] 28 U.S.C. § 2255 provides that a defendant may move to vacate, set aside, or correct a sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

2

    from making a motion by such governmental action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For the purpose of calculating this limitations period, "a conviction becomes final when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

  The Court hereby notifies Petitioner that it intends to convert his motion to one arising under 28 U.S.C. § 2255. Petitioner is warned that this conversion means that his petition will be subject to the restrictions on "second or successive" motions set forth above.

## **CONCLUSION**

  It is hereby ORDERED that Petitioner shall file a letter either objecting or consenting to the court's characterization of his motion as a habeas petition under 28 U.S.C. § 2255 NO LATER THAN APRIL 8, 2013. Petitioner is also granted leave to amend his motion to include any or all claims he wishes to bring under 28 U.S.C. § 2255 or withdraw his motion NO LATER THAN APRIL 8, 2013. If Petitioner fails to respond timely, the Court will consider Petitioner to have consented to have his motion construed as a habeas petition under 28 U.S.C. § 2255. Petitioner is cautioned that, if the court construes his motion as a habeas petition, Petitioner could be barred from filing any successive habeas petitions pursuant to 28 U.S.C. § 2255(h). The Court further advises Petitioner that, if he chooses to withdraw his motion, any subsequent

filing by Petitioner of a § 2255 motion will be subject to the time limitations set forth above and likely would be dismissed as untimely.

Petitioner is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 6, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge